IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MICHAEL L. JESTER and BRENDA JESTER, § § § | |
| Plaintiffs, § § | CIVIL ACTION No. 3:19-cv-363 |
| v. § § | |
| VOYAGER INDEMNITY INSURANCE COMPANY and RICHARD SYDNOR, § § § § | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendant Voyager Indemnity Insurance Company ("Voyager Indemnity") files this Notice of Removal against Plaintiffs Michael L. Jester and Brenda Jester ("Plaintiffs") pursuant to 28 U.S.C. §§ 1441 and 1446, as follows:

### I.  INTRODUCTION

1. This case is removable because there is complete diversity between the parties in this litigation and the matter in controversy exceeds $75,000.00.

### II.  COMMENCEMENT AND SERVICE

2. On September 20, 2019, Plaintiffs commenced this action by filing an Original Petition in the 405th Judicial District Court of Galveston County, Texas, styled Cause No. 19-CV-1825, *Michael L. Jester, et al. v. Voyager Indemnity Insurance Company, et al.*[1]

3. Defendant Richard Sydnor received the petition and citation through personal service on October 1, 2019.[2]

---

[1] *See* Ex. B-1, Plaintiffs' Original Petition.
[2] *See* Ex. A, Executed Process, at p. 3.

-1-

4. According to a return of service filed by Plaintiffs on October 24, 2019, copies of the petition and citation were delivered to Voyager Indemnity's statutory agent for service of process—the Texas Commissioner of Insurance—on September 27, 2019.[3] As of the filing of this Notice of Removal, Voyager Indemnity has not received the petition or citation from the Texas Commissioner of Insurance.

5. Richard Sydnor filed an answer in state court on October 28, 2019.[4] Voyager Indemnity filed an answer in state court on October 30, 2019.[5]

6. This Notice of Removal is filed within thirty days of the receipt, through service or otherwise, of Plaintiff's Original Petition, and is timely filed under 28 U.S.C. § 1446(b)(1).[6] This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

### III.    GROUNDS FOR REMOVAL

7. Voyager Indemnity is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

### IV.    DIVERSITY OF CITIZENSHIP

8. This is an action with complete diversity of citizenship between the Plaintiffs and Defendants.

---

[3] *See* Ex. A, at p. 6.
[4] *See* Ex. B-2, Defendant Richard Sydnor's Original Answer.
[5] *See* Ex. B-3, Defendant Voyager Indemnity's Original Answer.
[6] *See* Ex. A; *see also Barrackman v. Banister*, No. H-06-3622, 2007 WL 189378, at *2 (S.D. Tex. Jan. 22, 2007) ("the time for removal runs from the receipt [of notice of service] by the named defendant after transmission from the statutory agent"); *Blum's Furniture Co. v. Certain Underwriters at Lloyds London*, No. H-09-3479, 2009 WL 5062086, at *1 (S.D. Tex. Dec. 16, 2009) ("When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process."). Voyager Indemnity has not yet received notice of service from the Commissioner.

9. Plaintiffs are citizens of Texas.[7]

10. Defendant Voyager Indemnity is a foreign insurance company.[8]

11. Defendant Richard Sydnor is a citizen of Georgia.[9]

12. No change of citizenship has occurred for the parties since commencement of the state court action. Accordingly, diversity of citizenship exists among the remaining parties to the litigation.

## V.     AMOUNT IN CONTROVERSY

13. In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options. The defendant may (1) remove the case immediately, if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or (2) the defendant may wait until the plaintiff expressly pleads that the amount in controversy exceeds that amount or serves some "other paper" indicating that the amount in controversy exceeds that amount. 28 U.S.C. §§ 1446(b)(3), (c)(3)(A); *Bosky v. Kroger Texas LP*, 288 F.3d 208, *passim* (5th Cir. 2002).

14. Here, this case became removable upon Voyager Indemnity's actual receipt of Plaintiffs' Original Petition on October 1, 2019, wherein Plaintiffs asserted that they seek monetary relief over $200,000.00.[10] Thus, Plaintiffs' Original Petition establishes that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

---

[7] *See* Ex. B-1, ¶ 2; Ex. G-1, Accurint Comprehensive Address Report, at p. 2 (demonstrating that Plaintiffs have been domiciled in Texas since at least November 2003).
[8] *See* Ex. B-1, ¶ 3.
[9] *See* Ex. B-1, ¶ 4; Ex. G-2, Accurint Comprehensive Address Report, at p. 2 (demonstrating that Mr. Sydnor has been domiciled in Georgia since at least May 2015).
[10] *See* Ex. B-1, ¶ 5.

## VI. VENUE

15. Venue lies in the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), because Plaintiffs filed the state court action in this judicial district and division.

## VII. CONSENT TO REMOVAL

16. Defendant Richard Sydnor consents to Voyager Indemnity's removal of this action.[11]

## VIII. NOTICE

17. Voyager Indemnity will give notice of the filing of this Notice of Removal to all parties of record pursuant to 28 U.S.C. § 1446(d). Voyager Indemnity will also file with the clerk of the state court, and will serve upon Plaintiffs' counsel, a notice of the filing of this Notice of Removal.

## IX. STATE COURT PLEADINGS

18. Copies of all state court pleadings and orders are attached to this Notice of Removal.

## X. EXHIBITS TO NOTICE OF REMOVAL

19. The following documents are attached to this Notice as corresponding numbered exhibits:

   A. All Executed Process in this case;

   B. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings;

---

[11] *See* Ex. H, Richard Sydnor's Consent to Removal.

      1.      Plaintiffs' Original Petition;

      2.      Defendant Richard Sydnor's Original Answer;

      3.      Defendant Voyager Indemnity Insurance Company's Original Answer;

C.      Docket Sheet;

D.      An index of matters being filed;

E.      A list of all counsel of record, including addresses, telephone numbers, and parties represented;

F.      Civil Cover Sheet;

G.      Affidavit of Brian A. Srubar;

      1.      Accurint Comprehensive Address Report for Michael L. Jester and Brenda Jester;

      2.      Accurint Comprehensive Address Report for Richard Sydnor;

H.      Richard Sydnor's Consent to Removal.

## XI.    CONCLUSION

WHEREFORE, Defendant Voyager Indemnity Insurance Company, pursuant to the statutes cited herein, removes this action from the 405th Judicial District Court of Galveston County, Texas to this Court.

Dated: October 31, 2019

                              Respectfully submitted,

                              MCDOWELL HETHERINGTON LLP

                              By: */s/ Bradley J. Aiken*
                                  Bradley J. Aiken
                                  State Bar No. 24059361
                                  S.D. ID No. 975212

        Brian A. Srubar
        State Bar No. 24098460
        S.D. ID No. 3082622
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: 713-337-5580
Facsimile: 713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*Attorneys for Defendants Voyager Indemnity Insurance Company and Richard Sydnor*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing has been served on October 31, 2019, on the following counsel and parties of record by Certified Mail:

***CM/RRR No.*** \_\_\_
Michael A. Downey
MOSTYN LAW
3810 West Alabama Street
Houston, Texas 77027
maddocketefile@mostynlaw.com

*Attorneys for Plaintiffs*

        */s/ Brian A. Srubar*
        Brian A. Srubar