# EXHIBIT B

# EXHIBIT B-1

Filed: 9/20/2019 5:15 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 37007472
By: Lisa Kelly
9/23/2019 10:44 AM

19-CV-1825

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL L. JESTER AND BRENDA JESTER, <br> *Plaintiffs*, | § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § | GALVESTON COUNTY, TEXAS |
| VOYAGER INDEMNITY INSURANCE COMPANY AND RICHARD SYDNOR, <br> *Defendants*. | § <br> § <br> § <br> § <br> § | Galveston County - 405th District Court <br><br> _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Michael L. Jester and Brenda Jester ("Plaintiffs") and file this, *Plaintiffs' Original Petition*, complaining of Voyager Indemnity Insurance Company ("Voyager") and Richard Sydnor ("Sydnor") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

## DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

Status Conference set 12-12-19

## PARTIES

2.    Plaintiffs Michael L. Jester and Brenda Jester are individuals residing in Galveston County, Texas.

3.    Defendant Voyager is a foreign insurance company incorporated in and/or having its principal place of business in the State of Georgia. At all times material to this action, Voyager has engaged in the business of insurance in the State of Texas, as more particularly described below. This defendant does not maintain a place of regular business in Texas and has no designated agent in Texas on whom service of citation may be made in this cause. The causes of action asserted arise out of this defendant's business activities in the State of Texas. Accordingly, this defendant may be cited by serving the Texas State Insurance Commissioner at Office of the Insurance Commissioner, 333 Guadalupe Street, Austin, Texas 78701, for further forwarding of the citation and the petition to this defendant at the designated mailing address provided for defendant's designated agent for service:   Richard Fortwengler, Manager Legal, Licensing & Contract Administration, Voyager Indemnity Insurance Company, 260 Interstate North Circle, NW/SE, Atlanta, Georgia 30339.

4.    Defendant Richard Sydnor is an individual residing in and domiciled in the State of Georgia. This defendant may be served with personal process by a process server at his place of residence at 864 Hawkins Creek Dr., Jefferson, Georgia 30549.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over

$200,000 but not more than $1,000,000.  Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant Voyager because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

7.    The Court has jurisdiction over Defendant Sydnor because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Galveston County, Texas, because the insured property is situated in Galveston County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.    Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Voyager.

10.    Plaintiffs own the insured property, which is specifically located at 1407 Austin Street, La Marque, Texas 77568, in Galveston County (hereinafter referred to as "the Property").

11.    Voyager sold the Policy insuring the Property to Plaintiffs.

12.    On or about August 26, 2017, Plaintiffs' home sustained significant damage as a result of the forces of Hurricane Harvey, including the nearby tornadoes spun from the storm. Hurricane Harvey made landfall on the evening of August 25, 2017, near Rockport, Texas.  Maximum sustained winds in Harvey's eyewall were 130 mph at that time, making it a Category 4 hurricane.  Harvey was the nation's first major hurricane landfall

since Hurricane Wilma struck South Florida in October 2005—that is, the strongest one in twelve (12) years. Rain, including wind-driven rain, was the heaviest from any tropical cyclone in the continental United States. Harvey's slow-moving path across Southeast Texas caused extensive damage—including that of La Marque—with wind, wind-driven rain, and/or other covered perils.

13. As would be expected in a wind event of this magnitude, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm.

14. After the storm, Plaintiffs filed a claim with their insurance company, Voyager, for the damages to their home caused by Hurricane Harvey.

15. Plaintiffs submitted a claim to Voyager against the Policy for Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of Hurricane Harvey.

16. Plaintiffs asked that Voyager cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the interior water damages to the Property, pursuant to the Policy.

17. Defendant Voyager assigned Defendant Sydnor as the individual adjuster on the claim. However, Defendant Sydnor was improperly trained and failed to perform a thorough investigation of Plaintiffs' claim. On or about September 28, 2017, Defendant Sydnor conducted a substandard inspection of Plaintiffs' Property during which he spent an insufficient amount of time inspecting Plaintiffs' Property, including the amount of time

it took him to get on the roof. Sydnor further made improper coverage decisions as to which damages would and would not be covered, even though he was unqualified to do so.

18.     The inadequacy of Defendant Sydnor's investigation is also evidenced by his report which fails to include all of Plaintiffs' covered damages and substantially undervalues the damages it does include. Defendant Sydnor also corresponded with Plaintiffs in a letter dated the same day as his inspection, which fails to give Plaintiffs an adequate reason for the partial denial of their claim. Specifically, Sydnor acknowledges that Plaintiffs have covered damage to the interior of their home, but denies Plaintiffs' claim for damage to their roof. Sydnor fails to give any explanation as to how some of the damage to Plaintiffs' interior is covered, while the damage to their roof is not. Furthermore, Sydnor misrepresents in this letter that there was no wind damage to Plaintiffs' roof and that there was wear and tear on Plaintiffs' roof. Sydnor's estimate and letter together show that he failed to conduct an adequate and reasonable investigation of Plaintiffs' claim.

19.     Together, Defendants Voyager and Sydnor set out to deny and/or underpay on properly covered damages. As a result of this unreasonable investigation, including the under-scoping of Plaintiffs' storm damages during the investigation and failure to provide full coverage for the damages sustained, Plaintiffs' claim was improperly adjusted, and they were denied adequate and sufficient payment to repair their home. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

20.   As detailed in the paragraphs below, Voyager wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Voyager underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21.   To date, Voyager continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

22.   Defendant Voyager failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Voyager's conduct constitutes a breach of the insurance contract between Voyager and Plaintiffs.

23.   Defendants Voyager and Sydnor misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Voyager's and Sydnor's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

24.   Defendants Voyager and Sydnor failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Voyager's and Sydnor's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

25.   Defendants Voyager and Sydnor failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Voyager and Sydnor failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Voyager and Sydnor did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants Voyager's and Sydnor's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

26.   Defendants Voyager and Sydnor failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Voyager and Sydnor. Defendants Voyager's and Sydnor's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

27.   Defendants Voyager and Sydnor refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Voyager and Sydnor failed to conduct a reasonable investigation. Specifically, Defendants Voyager and Sydnor performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Voyager's and Sydnor's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

28.  Defendant Voyager failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Voyager's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

29.  Defendant Voyager failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Voyager's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

30.  Defendant Voyager failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for their claim. Voyager's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

31.  From and after the time Plaintiffs' claim was presented to Defendant Voyager, the liability of Voyager to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Voyager has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Voyager's conduct constitutes a breach of the common law duty of good faith and fair dealing.

32.   Defendants Voyager and Sydnor knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

33.   As a result of Defendants Voyager's and Sydnor's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

34.   Plaintiffs' experience is not an isolated case.  The acts and omissions Voyager committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Voyager with regard to handling these types of claims. Voyager's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT SYDNOR
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

35.   Defendant Voyager assigned Defendant Sydnor to adjust the claim.  Defendant Sydnor was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages.  During his investigation, the adjuster failed to properly assess Plaintiffs' Hurricane Harvey damages.  The adjuster also omitted covered damages from his report, including the damages to Plaintiffs' roof.  In addition, the damages that the adjuster did include in the estimate were severely underestimated.

36.   Defendant Sydnor's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

37.   Defendant Sydnor is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Voyager, because he is a "person" as defined by TEX. INS. CODE §541.002(2).   The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor."   TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability).

38.   Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant Sydnor's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using his/her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Sydnor's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(1).

39.  Defendant Sydnor's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40.  Defendant Sydnor failed to explain to Plaintiffs the reasons for his offer of an inadequate settlement.  Specifically, Defendant Sydnor failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiffs' claim.  The unfair settlement practice of Defendant Sydnor as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41.  Defendant Sydnor's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

42.  Defendant Sydnor did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by

Plaintiffs to Voyager. Defendant Sydnor's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

43. Plaintiffs are not making any claims for relief under federal law.

## FRAUD

44. Defendants Voyager and Sydnor are liable to Plaintiffs for common law fraud.

45. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Voyager and Sydnor knew were false or made recklessly without any knowledge of their truth as a positive assertion.

46. The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

47. Defendants Voyager and Sydnor are liable to Plaintiffs for conspiracy to commit fraud. Defendants Voyager and Sydnor were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Voyager and Sydnor committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

## CAUSES OF ACTION AGAINST VOYAGER ONLY

48.     Defendant Voyager is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

49.     Defendant Voyager's conduct constitutes a breach of the insurance contract made between Voyager and Plaintiffs.

50.     Defendant Voyager's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Voyager's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

51.     Defendant Voyager's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

52.     Defendant Voyager's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

53.     Defendant Voyager's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Voyager's liability under the Policy was reasonably clear, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

54. Defendant Voyager's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

55. Defendant Voyager's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

56. Defendant Voyager's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

57. Defendant Voyager's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

58. Defendant Voyager's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as

described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

59. Defendant Voyager's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

60. Defendant Voyager's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.

TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

61. As referenced and described above, and further conduct throughout this litigation and lawsuit, Sydnor is an agent of Voyager based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

62. Separately, and/or in the alternative, as referenced and described above, Voyager ratified the actions and conduct of Sydnor including the completion of his duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

63. Defendant Voyager's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

64. Defendant Voyager's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Voyager knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear,

## KNOWLEDGE

65.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

66.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

67.   As previously mentioned, the damages caused by Hurricane Harvey have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Voyager's and Sydnor's mishandling of Plaintiffs' claim in violation of the laws set forth above.

68.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

69.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

70.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent

to the interest rate determined under Section 304.003, Finance Code, together with attorney's fees. TEX. INS. CODE §542.060.

71.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

72.   For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

73.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

74.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Galveston County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUEST FOR DISCLOSURE

75.   *Plaintiffs' Request for Disclosure to Defendant Voyager Indemnity Insurance Company* is attached as "Exhibit A."

## REQUEST FOR PRODUCTION

76.   *Plaintiffs' First Request for Production to Defendant Voyager Indemnity Insurance Company* is attached as "Exhibit B."

## INTERROGATORIES

77.   *Plaintiffs' First Set of (Claim Specific) Interrogatories to Defendant Voyager Indemnity Insurance Company* is attached as "Exhibit C."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

MOSTYN LAW

_/s/ Michael A. Downey_
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFFS**

"EXHIBIT A"

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL L. JESTER AND BRENDA JESTER, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| VOYAGER INDEMNITY INSURANCE COMPANY AND RICHARD SYDNOR, | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURE TO DEFENDANT VOYAGER INDEMNITY INSURANCE COMPANY

TO:   DEFENDANT VOYAGER INDEMNITY INSURANCE COMPANY, by and through its designated agent for service:  Richard Fortwengler, Manager Legal, Licensing & Contract Administration, Voyager Indemnity Insurance Company, 260 Interstate North Circle, NW/SE, Atlanta, Georgia 30339.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Voyager Indemnity Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

 */s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

**ATTORNEY FOR PLAINTIFFS**

Page 1

"EXHIBIT B"

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL L. JESTER AND BRENDA JESTER,<br>　　　*Plaintiffs,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | GALVESTON COUNTY, TEXAS |
| VOYAGER INDEMNITY INSURANCE COMPANY AND RICHARD SYDNOR,<br>　　　*Defendants.* | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT VOYAGER INDEMNITY INSURANCE COMPANY

TO:　DEFENDANT VOYAGER INDEMNITY INSURANCE COMPANY, by and through its designated agent for service:  Richard Fortwengler, Manager Legal, Licensing & Contract Administration, Voyager Indemnity Insurance Company, 260 Interstate North Circle, NW/SE, Atlanta, Georgia 30339.

　　　Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Voyager Indemnity Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in the following request for production.

Respectfully submitted,

MOSTYN LAW

_/s/ Michael A. Downey_
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

ATTORNEY FOR PLAINTIFFS

Page 1

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the discovery request requires otherwise:

1.  "Document" means any textual, visual and auditory information items in all forms in which they are stored and/or communicated.

2.  "Person" means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, broker, adjuster, contractor/estimator, engineer, independent contractor, or employee.

3.  "Handle", handled", "handling", and/or "worked on" - any person, as defined above, that made a decision, investigated, adjusted, consulted, supervised, managed, settled, approved, provided information or otherwise performed a task relating to the claims made the basis of this lawsuit, excluding persons performing purely ministerial or clerical tasks.

4.  "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

5.  "Property" refers to the residence, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

6.  "Describe", when referring to a document, is defined to require that you state the following:

    a.  The nature (e.g., letter, handwritten note) of the document;
    b.  The title or heading that appears on the document;
    c.  The date of the document and the date of each addendum supplement, or other addition or change;
    d.  The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered;
    e.  The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

## PLAINTIFFS' REQUEST FOR PRODUCTION TO DEFENDANT
## VOYAGER INDEMNITY INSURANCE COMPANY

1.  The insurance policy in effect on the date of Plaintiffs' claim(s).

    RESPONSE:

2.  The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.

    RESPONSE:

3.  All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit.

    RESPONSE:

4.  The entire claims investigation file generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiffs' claim(s) made the basis of this Lawsuit.

    RESPONSE:

5.  All training and educational materials which instruct claims adjusters or claims handlers in handling windstorm claims for property damage coverage under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

    RESPONSE:

6.  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, water damage, roof damage, and/or wind damage under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

    RESPONSE:

7.   All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists for windstorm damage under the policy at issue.

     RESPONSE:

8.   All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for roof damage and/or wind damage to the house, including the criteria, for and the process for, evaluating whether a complete roof replacement is necessary based on the amount of damage.  This request is limited to the last five (5) years.

     RESPONSE:

9.   All communications and documents, including electronic, between Defendant and Plaintiffs regarding Plaintiffs' claim(s).

     RESPONSE:

10.  All communications and documents, including electronic, between Defendant and any third party regarding Plaintiffs' claim(s).  This includes any third parties performing adjusting and/or claims handling on behalf of Defendant.

     RESPONSE:

11.  All communications and documents, including electronic, between Defendant and any other defendant(s) regarding Plaintiffs' claim(s).

     RESPONSE:

12.  All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company, regarding Plaintiffs' claim(s).

     RESPONSE:

13.   All communications and documents Defendant sent to any other defendant(s) in this cause of action regarding Plaintiffs or the Property, after Plaintiffs made Plaintiffs' claim(s) for coverage.

RESPONSE:


14.   All photographs, diagrams, drawings, or other graphic depictions of Plaintiffs or the Property made the basis of this Lawsuit.

RESPONSE:


15.   Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries, regarding the insurance claim(s) and the Property made the basis of this lawsuit.

RESPONSE:


16.   All reports and other documents from governmental agencies or offices regarding Plaintiffs' Property or containing officially kept information regarding Plaintiffs' Property.

RESPONSE:


17.   Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiffs under Plaintiffs' homeowner insurance policy/policies, specifically regarding damage to the roof, exterior, and interior of Plaintiffs' Property. This request is limited to the last ten (10) years.

RESPONSE:


18.   Any and all records and/or documents explaining criteria utilized to qualify third parties for an "approved vendors list." This includes independent adjusters, who are maintained on a roster for possible deployment in the field.

RESPONSE:

19.   Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

    RESPONSE:

20.   Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including independent adjusters, contractors, and roofing companies, for the "approved vendors list."

    RESPONSE:

21.   All documents including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiffs' Property made the basis of this Lawsuit.

    RESPONSE:

22.   Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiffs' Property made the basis of this Lawsuit.

    RESPONSE:

23.   Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this Lawsuit.

    RESPONSE:

24.   Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiffs' Property made the basis of this Lawsuit.

    RESPONSE:

25.   Any and all records or documents Defendant has reviewed and/or obtained from third parties regarding Plaintiffs' Property made the basis of this Lawsuit.

    RESPONSE:

26. All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

   RESPONSE:

27. All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, water damage, roof damage, and/or wind damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

   RESPONSE:

28. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

   RESPONSE:

29. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21. This request is specifically limited to the last five (5) years.

   RESPONSE:

30. All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055, *et seq.*, and/or Article 21.55. This request is specifically limited to the last five (5) years.

   RESPONSE:

31. Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

   RESPONSE:

32. Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

    RESPONSE:

33. A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

    RESPONSE:

34. Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

    RESPONSE:

35. Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property damage claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

    RESPONSE:

36. Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property damage, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.

    RESPONSE:

37.   Any and all materials reflecting Defendant's attendance policies for adjusters and claims
       representatives at seminars and/or continuing education classes regarding the adjusting
       and/or handling of homeowner insurance claims, commercial insurance claims, property
       damage, water damage, roof damage claims and/or wind damage claims in Texas.  This
       request is limited to the last five (5) years.

       RESPONSE:

38.   Any and all materials, documents, files, and/or reports containing list(s) of contractors
       and/or roofing companies that have been approved and/or recommended for performance
       of services for Defendant in Texas.  This request is limited to the last five (5) years.

       RESPONSE:

39.   Any and all computer programs, electronic data, documents, and/or manuals used by the
       adjusters and claims representatives to perform property damage estimates relating to
       homeowner insurance claims in Texas, including a complete copy of the computer
       program used to adjust Plaintiffs' claim(s).  This request is limited to the last five (5)
       years.

       RESPONSE:

40.   Any and all reference materials, handouts, manuals, outlines, articles, and/or documents
       that have been distributed by and/or disbursed to Defendant regarding the price estimates
       of contractors and changes to those estimates within different geographical areas of the
       State of Texas.  This request is limited to the last five (5) years.

       RESPONSE:

41.   Any and all materials, documents, files and/or reports of contractors and roofing
       companies that have been approved and/or recommended for performance of services for
       Defendant in Texas.  This request is limited to the last five (5) years.

       RESPONSE:

42.   Any and all materials, documents, files, invoices, and/or reports of any and all contractors
       and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s)
       made the basis of this lawsuit, prepared on behalf of the Defendant.

       RESPONSE:

43.    A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

RESPONSE:

44.    The most recent address maintained on file for any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.

RESPONSE:

45.    Any and all activity logs relating to Plaintiffs' claim(s) for property damage, hurricane damage, water damage, roof damage, and/or wind damage to Plaintiffs' property, specifically the claim(s) made the basis of this suit.

RESPONSE:

46.    Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiffs' claim(s).

RESPONSE:

47.    Any and all organizational charts for Defendant.

RESPONSE:

48.    Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiffs' claim(s) was assigned.  This request is limited to the last five (5) years.

RESPONSE:

49.    Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiffs' claim(s).

RESPONSE:

50.    Any and all claims and underwriting files for each claim involving property damage, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit. This request is limited to the last five (5) years.

RESPONSE:

51.    Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit.  This request is limited to the last five (5) years.

RESPONSE:

52.    Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiffs in this case.

RESPONSE:

53.    Any and all records reflecting payment to Plaintiffs concerning Plaintiffs' claim(s) made the basis of this suit.

RESPONSE:

54.    Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiffs' claim(s).

RESPONSE:

55.    Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

RESPONSE:

56.    Any and all documents relating to the assignment of Plaintiffs' claim(s) to any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

RESPONSE:

57.     Any and all documents relating to or reflecting referrals of vendors, roofers, or contractors to Plaintiffs or any insured.

RESPONSE:

58.     If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

RESPONSE:

59.     Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this Lawsuit.

RESPONSE:

60.     Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff, and any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this Lawsuit.

RESPONSE:

61.     All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

RESPONSE:

62.     Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

RESPONSE:

63.   Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by homeowner insureds.  This request is limited to the last five (5) years.

RESPONSE:


64.   Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiffs' claim(s).

RESPONSE:


65.   All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this suit.

RESPONSE:


66.   All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding educational programs relating to the handling of property damage, water damage, and/or roof damage claims.

RESPONSE:


67.   All computer files, databases, electronically-stored information or computer-stored information regarding property damage, water damage, roof damage, and/or wind damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

RESPONSE:


68.   True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.

RESPONSE:


69.   True and complete copy of activity logs filed by the staff and/or independent adjusters on the file.

RESPONSE:

70.    Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

RESPONSE:

71.    True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

RESPONSE:

72.    Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters.  This request is limited to the last five (5) years.

RESPONSE:

73.    Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage, water damage, roof damage and/or wind damage claims, including staff and vendors.

RESPONSE:

74.    Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing windstorm damage claims from 2008 through the present, including but not limited to computer disks, e-mails, paperwork, and manuals.

RESPONSE:

75.    Any and all demand letters, lawsuits and/or subrogation claims filed against any vendors, or by any vendors against Defendant.  This request is limited to the last five (5) years.

RESPONSE:

76.   Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage, wind damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.

   RESPONSE:


77.   Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, water damage, roof damage, and/or wind damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

   RESPONSE:


78.   Any and all reports, documents or correspondence containing lawsuits where lists of all suits filed against Defendant or its entities or affiliates in Texas containing an element of property damage, water damage, roof damage, and/or wind damage. This request is limited to the last five (5) years.

   RESPONSE:


79.   Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiffs regarding the insurance claim made the basis of this lawsuit.

   RESPONSE:


80.   Studies commissioned by Defendant, including any done by a law firm to analyze their claim management strategies, and/or to help them improve corporate profits. This request is limited to the last five (5) years.

   RESPONSE:

"EXHIBIT C"

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL L. JESTER AND BRENDA JESTER, | § | IN THE DISTRICT COURT OF |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| VOYAGER INDEMNITY INSURANCE COMPANY AND RICHARD SYDNOR, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT VOYAGER INDEMNITY INSURANCE COMPANY

TO:   DEFENDANT VOYAGER INDEMNITY INSURANCE COMPANY, by and through its designated agent for service:  Richard Fortwengler, Manager Legal, Licensing & Contract Administration, Voyager Indemnity Insurance Company, 260 Interstate North Circle, NW/SE, Atlanta, Georgia 30339.

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Voyager Indemnity Insurance Company (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in the following set of interrogatories.

Respectfully submitted,

MOSTYN LAW

*/s/ Michael A. Downey*
Michael A. Downey
State Bar No. 24087445
3810 West Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)
maddocketefile@mostynlaw.com

ATTORNEY FOR PLAINTIFFS

## DEFINITIONS

The following definitions shall have the following meanings, unless the context of the discovery request requires otherwise:

1. "Document" means any textual, visual and auditory information items in all forms in which they are stored and/or communicated.

2. "Person" means an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, agent, broker, adjuster, contractor/estimator, engineer, independent contractor, or employee.

3. "Handle", handled", "handling", and/or "worked on" - any person, as defined above, that made a decision, investigated, adjusted, consulted, supervised, managed, settled, approved, provided information or otherwise performed a task relating to the claims made the basis of this lawsuit, excluding persons performing purely ministerial or clerical tasks.

4. "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

5. "Property" refers to the residence, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

6. "Describe", when referring to a document, is defined to require that you state the following:

   a. The nature (e.g., letter, handwritten note) of the document;
   b. The title or heading that appears on the document;
   c. The date of the document and the date of each addendum supplement, or other addition or change;
   d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered;
   e. The present location of the document, and the name, address, position, or title, and telephone number of the person or person having custody of the document.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT VOYAGER INDEMNITY INSURANCE COMPANY

1.  State the name, address, telephone number, and position or job title of all persons answering these interrogatories and whether you expect to call them to testify at time of trial.

    RESPONSE:

2.  State the following concerning notice of claim and timing of payment:

    a.  The date and manner in which you received notice of the claim
    b.  The date and manner in which you acknowledged receipt of the claim
    c.  The date and manner in which you commenced investigation of the claim
    d.  The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant
    e.  The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

    RESPONSE:

3.  State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiffs' insurance policy related to the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

    RESPONSE:

4.  State every basis, in fact and in the terms of Plaintiffs' policy for:

    a.  Defendant's denial and/or recommendation of denial of Plaintiffs' claim(s); and
    b.  Defendant's failure to pay for Plaintiffs' full claims

    RESPONSE:

5.  State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055, et seq., formerly known as Article 21.55, in the handling of first party claims for wind or hurricane damage coverage under homeowner insurance policies.

    RESPONSE:


6.  How is the performance of the adjusters involved in handling Plaintiffs' claim evaluated? State the following:

    a.  What performance measures are used
    b.  Describe you bonus incentive plan for adjusters, including per diem or any spending cards or accounts.

    RESPONSE:


7.  Identify by name, address, and telephone number, all persons and or entities that have filed property hurricane damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiffs' claim made the basis of this Lawsuit, from the time of hiring through the present.

    RESPONSE:


8.  Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiffs regarding the claim made the basis of this lawsuit. If a recorded statement and/or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

    RESPONSE:

9.    Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiffs' claim(s), the name(s) of each prior claim each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.  For each of the listed engineer(s) or engineering company(s), list the compensation received from Defendant for any services and work performed in the last five years.

      RESPONSE:


10.   If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

      RESPONSE:


11.   Identify by date, amount and reason, the insurance proceed payments made by you to Plaintiff.

      RESPONSE:


12.   Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of windstorm(s).

      RESPONSE:


13.   From September 1, 2014 to the present, what documents (including those maintained electronically) relating to the investigation or handling of a claim for windstorm insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

      RESPONSE:


14.   Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiffs' claim for insurance benefits been destroyed or disposed of?  If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

RESPONSE:

15.   Do you contend that the insured premises was damaged by flood water, hurricane, storm surge and/or any excluded peril, or other event or covered peril under the policy?

RESPONSE:

16.   Do you contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way?  If so, state the general factual bases for this contention.

RESPONSE:

17.   Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way including, but not limited to, failing to provide you with any requested information that was required in order to evaluate Plaintiffs' claim?  If so, state the general factual bases for this contention.

RESPONSE:

# EXHIBIT B-2

Filed: 10/28/2019 3:55 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 38022307
By: Rolande Kain
10/28/2019 4:01 PM

### CAUSE NO. 19-CV-1825

| | | |
|---|---|---|
| MICHAEL L. JESTER and BRENDA JESTER, | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § § | |
| v. | § § | GALVESTON COUNTY, TEXAS |
| VOYAGER INDEMNITY INSURANCE COMPANY and RICHARD SYDNOR, | § § § § | 405th JUDICIAL DISTRICT |
| **Defendants.** | § | |

### DEFENDANT'S ORIGINAL ANSWER

Defendant Richard Sydnor files this Original Answer and Requests for Disclosure against Plaintiffs Michael L. Jester and Brenda Jester as follows:

### I.  GENERAL DENIAL

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiffs and demands strict proof thereof by a preponderance of the evidence.

### II.  AFFIRMATIVE DEFENSES

2.      Plaintiffs' claims are barred, in whole or in part, because paragraph 3 of the "General Exclusions" section of the policy excludes losses caused by earth movement and settlement, including: expansion or contraction of soils or organic materials; settling, cracking or expansion of foundations; subsidence, sinkhole loss, catastrophic ground cover collapse, sinkhole activity; and any other earth movement including earth sinking, rising or shifting.

3.      Plaintiffs' claims are barred, in whole or in part, because paragraph 4 of the "General Exclusions" section of the policy excludes losses caused by water damage, meaning (a) flood, surface water, waves, tidal water, storm surge, wave wash, or tidal wave, overflow of a

body of water, or spray or water-borne material from any of these, whether or not driven by wind; (b) water or water-borne material which backs up through sewers or drains or which overflows from a sump, sump pump or related equipment; or (c) water or water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a residential property, sidewalk, driveway, foundation, swimming pool or other structure.

4.      Plaintiffs' claims are barred, in whole or in part, because paragraph 10 in the "General Exclusions" section of the policy excludes losses caused by neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5.      Plaintiffs' claims are barred, in whole or in part, because paragraph 24(c) of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6.      Plaintiffs' claims are barred, in whole or in part, because paragraph 13 of the "General Exclusions" section of the policy excludes losses caused by wear, tear, marring, deterioration, and decay.

7.      Plaintiffs' claims are barred, in whole or in part, because paragraph 16 of the "General Exclusions" section of the policy excludes losses caused by settling.

8.      Plaintiffs' claims are barred, in whole or in part, because paragraph 22 of the "General Exclusions" section of the policy excludes any pre-existing damages.

9.      Plaintiffs' claims are barred, in whole or in part, because the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight

of water or ice.

10.     Plaintiffs' claims are barred, in whole or in part, because paragraph 25 in the "General Exclusions" section of the policy excludes losses caused by fungi, wet or dry rot, yeast, or bacteria.

11.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert the claims presented in the Petition.

12.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim or cause of action for punitive damages.

14.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

15.     Plaintiffs' claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

16.     Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

17.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

18.     Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

19.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

20.     Plaintiffs' claims are barred, in whole or in part, because any damages suffered by Plaintiffs were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim upon which relief can be granted.  Plaintiffs have failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

22.     Plaintiffs' claims are barred, in whole or in part, by the specific terms of the Policy contract.

23.     Plaintiffs' claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiffs' claim.

24.     Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

25.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

26.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiffs are not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

27.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

28.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

29.     Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

-5-

30.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

31.     Defendant avers that any award of punitive damages to Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

32.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

   a.     Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

   b.     Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

   c.     The Plaintiffs' burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

   d.     That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

33.     Plaintiffs have sustained no injury from the alleged conduct of Defendant.

34.     Plaintiffs' claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

35.     Plaintiffs' claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiffs may have failed to act in good faith.

36.     There has been no reasonable showing by evidence in the record or proffered by Plaintiffs which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

37.     Plaintiffs are not entitled to the recovery of attorney's fees and have failed to provide the statutory notices required to show entitlement to the same.

38.     Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an unreasonably excessive demand upon Defendant.

39.     Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an excessive demand upon Defendant in bad faith.

40.     Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

41.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to provide the requisite statutory notice in accordance with Chapter 542A of the Texas Insurance Code.

42.     Defendant expressly reserves and preserves any and all rights and defenses it may have under the Texas Insurance Code, including Chapter 542A.

### III.     REQUESTS FOR DISCLOSURE

43.     Pursuant to Rule 194, Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

McDowell Hetherington LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Brian A. Srubar
    State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*ATTORNEYS FOR DEFENDANT*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on October 28, 2019, on the following counsel of record by eServe:

Michael A. Downey
Mostyn Law
3810 West Alabama Street
Houston, Texas 77027
maddocketefile@mostynlaw.com

**Attorneys for Plaintiffs**

*/s/ Brian A. Srubar*
Brian A. Srubar

-8-

# EXHIBIT B-3

Filed: 10/30/2019 11:09 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 38079839
By: Lisa Kelly
10/30/2019 11:46 AM

## CAUSE NO. 19-CV-1825

| | | |
|---|---|---|
| MICHAEL L. JESTER and BRENDA JESTER, | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs,** | § § | |
| v. | § § | GALVESTON COUNTY, TEXAS |
| VOYAGER INDEMNITY INSURANCE COMPANY and RICHARD SYDNOR, | § § § | |
| | § | 405th JUDICIAL DISTRICT |
| **Defendants.** | § | |

### DEFENDANT'S ORIGINAL ANSWER

Defendant Voyager Indemnity Insurance Company files this Original Answer and Requests for Disclosure against Plaintiffs Michael L. Jester and Brenda Jester as follows:

### I.    GENERAL DENIAL

1.    Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiffs and demands strict proof thereof by a preponderance of the evidence.

### II.    AFFIRMATIVE DEFENSES

2.    Plaintiffs' claims are barred, in whole or in part, because paragraph 3 of the "General Exclusions" section of the policy excludes losses caused by earth movement and settlement, including: expansion or contraction of soils or organic materials; settling, cracking or expansion of foundations; subsidence, sinkhole loss, catastrophic ground cover collapse, sinkhole activity; and any other earth movement including earth sinking, rising or shifting.

3.    Plaintiffs' claims are barred, in whole or in part, because paragraph 4 of the "General Exclusions" section of the policy excludes losses caused by water damage, meaning (a) flood, surface water, waves, tidal water, storm surge, wave wash, or tidal wave, overflow of a

body of water, or spray or water-borne material from any of these, whether or not driven by wind; (b) water or water-borne material which backs up through sewers or drains or which overflows from a sump, sump pump or related equipment; or (c) water or water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a residential property, sidewalk, driveway, foundation, swimming pool or other structure.

4.     Plaintiffs' claims are barred, in whole or in part, because paragraph 10 in the "General Exclusions" section of the policy excludes losses caused by neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

5.     Plaintiffs' claims are barred, in whole or in part, because paragraph 24(c) of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

6.     Plaintiffs' claims are barred, in whole or in part, because paragraph 13 of the "General Exclusions" section of the policy excludes losses caused by wear, tear, marring, deterioration, and decay.

7.     Plaintiffs' claims are barred, in whole or in part, because paragraph 16 of the "General Exclusions" section of the policy excludes losses caused by settling.

8.     Plaintiffs' claims are barred, in whole or in part, because paragraph 22 of the "General Exclusions" section of the policy excludes any pre-existing damages.

9.     Plaintiffs' claims are barred, in whole or in part, because the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight

of water or ice.

10. Plaintiffs' claims are barred, in whole or in part, because paragraph 25 in the "General Exclusions" section of the policy excludes losses caused by fungi, wet or dry rot, yeast, or bacteria.

11. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert the claims presented in the Petition.

12. Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

13. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim or cause of action for punitive damages.

14. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

15. Plaintiffs' claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

16. Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

17. Plaintiffs' claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

18. Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages.

20.     Plaintiffs' claims are barred, in whole or in part, because any damages suffered by Plaintiffs were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

21.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to state a claim upon which relief can be granted.  Plaintiffs have failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

22.     Plaintiffs' claims are barred, in whole or in part, by the specific terms of the Policy contract.

23.     Plaintiffs' claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiffs' entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiffs' claim.

24.     Defendant avers that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

25.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

26.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiffs are not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

27.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

28.     Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

29.     Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

30.     It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

31.     Defendant avers that any award of punitive damages to Plaintiffs in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

32.     It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 13 and 19 of the Constitution of the State of Texas in that:

    a.     Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

    b.     Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

    c.     The Plaintiffs' burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

    d.     That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

33.     Plaintiffs have sustained no injury from the alleged conduct of Defendant.

34.     Plaintiffs' claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

35.     Plaintiffs' claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiffs may have failed to act in good faith.

36.     There has been no reasonable showing by evidence in the record or proffered by Plaintiffs which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth in Chapter 41 of the Texas Civil Practice & Remedies Code.

37.     Plaintiffs are not entitled to the recovery of attorney's fees and have failed to provide the statutory notices required to show entitlement to the same.

38.     Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an unreasonably excessive demand upon Defendant.

39.     Plaintiffs' claims for attorney's fees are barred in whole or in part because Plaintiffs made an excessive demand upon Defendant in bad faith.

40.     Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

41.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to provide the requisite statutory notice in accordance with Chapter 542A of the Texas Insurance Code.

42.     Defendant expressly reserves and preserves any and all rights and defenses it may have under the Texas Insurance Code, including Chapter 542A.

### III.     REQUESTS FOR DISCLOSURE

43.     Pursuant to Rule 194, Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)–(i).

Respectfully submitted,

McDOWELL HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Brian A. Srubar
    State Bar No. 24098460
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone:  713-337-5580
Facsimile:  713-337-8850
brad.aiken@mhllp.com
brian.srubar@mhllp.com

*Attorneys for Defendants Voyager Indemnity*
*Insurance Company and Richard Sydnor*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on October 30, 2019, on the following counsel of record by eServe:

Michael A. Downey
MOSTYN LAW
3810 West Alabama Street
Houston, Texas 77027
maddocketefile@mostynlaw.com

**Attorneys for Plaintiffs**

*/s/ Brian A. Srubar*
    Brian A. Srubar